UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WID-DONALD PAUL, | : | |
| Petitioner | : | CIVIL ACTION NO. 1:11-1755 |
| v. | : | (CALDWELL, D.J.) |
| | | (MANNION, M.J.) |
| STATE OF DELAWARE, DHS, YORK COUNTY PRISON and THE ATTORNEY GENERAL OF PENNSYLVANIA, | : : | |
| Respondents | : | |
| | : | |

### REPORT AND RECOMMENDATION[1]

On September 21, 2011, the petitioner, an inmate at the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, in which he challenges his conviction in Sussex County, Delaware. (Doc. No. 1). In addition, the petitioner submitted a motion for leave to proceed *in forma pauperis*. (Doc. No. 2). The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Section 2254 Proceedings. 28 U.S.C. foll. §2254[2].

Upon review, the petitioner was apparently involved in at least three criminal matters in Sussex County: Criminal ID No. 0905014074 (possession with intent to deliver cocaine); Criminal ID No. 0311018202 (conspiracy in the third degree); and Criminal ID No. 0503014554 (aggravated menacing). With respect to Criminal ID No. 0905014074, the petitioner claims that his Fourth and Sixth Amendment rights were violated in that there "was no probable cause for the strip search document." In addition, he claims that his petition for post-conviction relief in this matter was improperly denied. Concerning Criminal ID Nos. 0503014554 and 0311018202, the petitioner claims that he was denied effective assistance of counsel. As a result of these violations in his state criminal proceedings, the petitioner claims that he is now being held in federal custody by the Department of Immigration and Customs

---

[2]Ordinarily, prior to giving the petition preliminary consideration, the court would issue an administrative order in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), advising the petitioner of the limitations upon his right to file another §2254 petition in the future if his petition were to be considered by the court as filed. In this regard, the petitioner would be given leave to withdraw his petition without prejudice to filing another petition raising any and all grounds for relief from his conviction. However, in this case, because the court is recommending that the instant action be transferred, it would be futile to allow the petitioner to file an amended petition in this District.

Enforcement, ("ICE"), awaiting deportation.

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. §2242, see also §2243 . . .' [T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (emphasis in original) (citations omitted). As a result of the petitioner's present York County confinement, this court has jurisdiction over the instant petition.

However, even though the court has jurisdiction over the instant petition, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a); see also, Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484 (1973). Habeas proceedings are generally considered civil in nature. See Hinton v. Braunskill, 481 U.S. 770, 776 (1987); Parrott v. Government of Virgin Islands, 230 F.3d 615, 620 (3d Cir. 2000) (the term "civil action" includes habeas petitions).

As discussed above, the petitioner is challenging his conviction in

3

Sussex County, Delaware. The trial court is located within the jurisdiction of the United States District Court for the District of Delaware. All records of conviction, transcripts of proceedings, witnesses, counsel, and conviction records are likewise located within the District of Delaware. Thus, for the convenience of the parties and in the interest of justice, the action should be transferred to the United States District Court for the District of Delaware. See Williams v. Martinez, 2008 WL 2310834 (M.D.Pa.) (McClure, J.) (transferring §2254 petition challenging state conviction to the United States District Court for the District of Columbia)[3] (citing Nelson v. United States of America, Civil No. 3:CV-06-1239 slip op at 5 (M.D.Pa. July 25, 2006) (Conaboy, J.) (same)).

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)**   the instant petition for writ of habeas corpus, **(Doc. No. 1)**, be **TRANSFERRED** to the United States District Court for the District of Delaware; and

---

[3]For the convenience of the reader, the Court has attached copies of unpublished opinions cited within this document.

**(2)** the petitioner's motion to proceed *in forma pauperis*, **(Doc. No. 2)**, be **GRANTED** for purposes of these proceedings only, with a final determination on *in forma pauperis* status to be determined by the District of Delaware.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: October 31, 2011**
O:\shared\REPORTS\2011 Reports\11-1755-01.wpd